## J. P. ROBINSON v. THE STATE.

*No. 3742. Decided December 9.*

1. **Separation of Jury—Practice.**—By article 687, Code of Criminal Procedure, it is provided, that "after the jury has been sworn and impanelled to try any case of felony they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the attorneys representing the State and the defendant, and in charge of an officer."

2. **Same.** — Where, after the impanelling of the jury, they had retired for the night, and a fire broke out in the town some two hundred yards distant, one of the jurors, without the consent as above prescribed, separated himself from the rest of the jury and went to the scene of the fire to look after the safety of his horse, and was absent for about an hour, and during that period mingled with the people on the streets and at the fire, *held*, that such separation was sufficient ground to invalidate

the verdict and judgment, notwithstanding the juror and all his fellows made affidavit that their verdict was not affected by the separation.

3. Same—Affidavits of Jurors Insufficient, when.—Where, after a jury has been impanelled in a criminal case, and there has been an unauthorized separation on the part of one or more of said jurors, the questions are, Was there opportunity for the juror or jurors separating to have been wrongfully influenced in finding a verdict? Was there time for the unlawful influence to have been brought to bear upon the juror or jurors? If so, the verdict will be set aside unless the State establishes with reasonable certainty that he was or they were not so influenced, and this can not be done by the affidavit of the juror or jurors separating, when the opportunity to have been tampered with or influenced is clearly shown.

APPEAL from the District Court of Wise. Tried below before Hon. J. W. Patterson.

Appellant was convicted of assault with intent to murder, in the court below, his punishment being assessed at two years in the penitentiary.

The opinion of the court sufficiently states the facts upon which the opinion is based.

*R. F. Spencer*, for appellant, filed a printed brief, which was devoted mainly to the purpose of showing that the verdict and judgment should have been set aside on account of the separation of the jury, as mentioned in the head notes and opinion. And in support of this proposition he cited and discussed the following authorities, viz.: Kelley v. The State, 28 Texas Ct. App., 120; Wright v. The State, 17 Texas Ct. App., 152; Defriend v. The State, 22 Texas Ct. App., 571; Warren v. The State, 9 Texas Ct. App., 630; Willson v. The State, 18 Texas Ct. App., 576; Walker and Black v. The State, 37 Texas, 388; Brown v. The State, 38 Texas, 483; Early v. The State, 1 Texas Ct. App., 248; Grissom v. The State, 4 Texas Ct. App., 389, and numerous other cases.

*R. H. Harrison*, Assistant Attorney-General, for the State, in his brief remarks in conclusion: "Unless the court will conclusively presume from the mere fact of separation that there was injury to appellant, it must be held that there was no injury, for the evidence affirmatively and strongly shows this to be true, and the judgment should be affirmed."

HURT, JUDGE.—This is a conviction for an assault with intent to murder.

In support of the motion for a new trial, one of the jurors who tried the case made affidavit that after the case was submitted to the jury, and they had retired to consider of their verdict, one of the members of the jury separated himself from his fellows without the consent of the court or of counsel, and remained separate from the jury as much

as one hour. The State submitted the affidavit of one Wisdom, another member of the jury, who swears that up to the time the jurors went to bed for the .night he had been in favor of a verdict for aggravated assault, and all the others for assault with intent to murder; that about 2 o'clock in the morning an alarm of fire was heard, and he, having a horse in and near the place the fire was raging in a stable near by, separated from the jury; "that his only object and reason for separating from the jury was to see his horse, lest his said horse should be burned up; that he, the other jurors, and the whole town were greatly excited; that his separation was without the consent of the court, the counsel, or of the officer in charge of the jury; that the fire took place within two hundred yards of where the jury was sleeping for the night; that he was absent as much as an hour, and during his absence mixed and mingled with the people on the street at the fire; that while absent he did not converse with any one about the case on trial, nor did any one mention the matter to him; that he was not influenced by reason of his separation by any one or anything, directly or indirectly, nor did he attempt to influence the other jurors after his return through other means than those he had formerly used, to-wit, his honest conviction that defendant was not guilty under the proof of an assault to murder, but only of aggravated assault; that he was found and taken back by the officer in charge of the jury after he had been separated the time above mentioned; that nothing was said that night by the jury about the cause, and all retired to bed after that, and remained all night; that on the convening of the court he agreed to a verdict, and all went into the court and consented to a verdict; * * * that during his separation he never thought about the case until the officer came to him, and requested him to return to the jury; that he and everybody he met while separated from the jury were absorbed about the fire; that after he returned nothing was said or done by affiant or any member of the jury concerning his said separation that at all related to the case on trial or influenced the verdict found." A statement, substantially to the same effect as the above, was signed and sworn to by the other eleven jurors.

Upon this showing it is urged that the court below erred in refusing a new trial. It is expressly provided by the code (article 687), that "after the jury has been impanelled to try any case of felony, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the attorneys representing the State and the defendant, and then in charge of an officer." The consequence of the separation not permitted by law is not prescribed by the code. The authorities are not harmonious, but from them we gather this rule: "That when there is a strong probability that injustice could have been done, the court will set aside the verdict."

In testing whether wrong could have been done the defendant, we look to all the circumstances attending the separation. Was there opportunity for the juror or jurors separating to have been wrongfully influenced in finding a verdict? Was there time for the unlawful influence to have been brought to bear upon the juror? In this case there was ample time and opportunity for the juror Wisdom to have been corrupted by some of the crowd with whom he mingled for about an hour. This being the case, the verdict will be set aside, unless the State establishes with reasonable certainty that he was not so influenced. Can this be done by the affidavit of the juror separating? We think not, when the opportunity to have been tampered with is clearly shown.

Let us suppose, while separated the juror has been bribed to return a verdict against the defendant. Is it at all probable that he would disclose this fact? We think not. Again, the separating juror may be telling the truth when he states in his affidavit that he did not converse with any one about the case, nor did any one mention the matter to him. We say this may all be true, and yet he may have been influenced. He does not say that no one mentioned the case in his presence or hearing. In support of the above proposition we cite Warren v. The State, 9 Texas Ct. App., 630; Wilson v. The State, 18 Texas Ct. App., 576; Wright v. The State, 17 Texas Ct. App., 152; Defriend v. The State, 22 Texas Ct. App., 571; Grissom v. The State, 4 Texas Ct. App., 389; Early v. The State, 1 Texas Ct. App., 248. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.